ELECTRONICALLY FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND
CASE NO.: 17-cv-_____

ROBERT P. ELLIOTT, as the EXECUTOR
of the ESTATE of EARTHEL ELLIOTT, deceased,                          PLAINTIFF

v.                         **NOTICE OF REMOVAL**

GGNSC VANCEBURG, LLC d/b/a
GOLDEN LIVINGCENTER-VANCEBURG;
GGNSC ADMINISTRATIVE SERVICES, LLC;
GGNSC HOLDINGS, LLC;
GGNSC EQUITY HOLDINGS, LLC;
GGNSC EQUITY HOLDINGS, II, LLC;
GOLDEN GATE NATIONAL SENIOR CARE, LLC;
GOLDEN GATE ANCILLARY, LLC;
GGNSC CLINICAL SERVICES, LLC;
GPH VANCEBURG, LLC;
JOY J. DINGESS, in her capacity as ADMINISTRATOR of
GOLDEN LIVINGCENTER-VANCEBURG; and
JOHN DOES 1 through 3, UNKNOWN DEFENDANTS,                          DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

Defendants, GGNSC Vanceburg, LLC d/b/a Golden LivingCenter-Vanceburg; GGNSC Administrative Services, LLC; GGNSC Holdings, LLC; GGNSC Equity Holdings, LLC; GGNSC Equity Holdings, II, LLC; Golden Gate National Senior Care, LLC; Golden Gate Ancillary, LLC; GGNSC Clinical Services, LLC; GPH Vanceburg, LLC; and Joy J. Dingess, in her capacity as Administrator of Golden LivingCenter – Vanceburg, for their Notice of Removal from the Lewis Circuit Court to the United States District Court for the Eastern District of Kentucky, Northern Division at Ashland, state as follows:

1.   On January 17, 2017, Robert P. Elliott, as the Executor of the Estate of Earthel

Elliott, deceased ("Plaintiff"), filed a Complaint in the Lewis Circuit Court styled, *Robert P. Elliott, as the Executor of the Estate of Earthel Elliott, deceased v. GGNSC Vanceburg, LLC d/b/a Golden LivingCenter-Vanceburg; GGNSC Administrative Services, LLC; GGNSC Holdings, LLC; GGNSC Equity Holdings, LLC; GGNSC Equity Holdings, II, LLC; Golden Gate National Senior Care, LLC; Golden Gate Ancillary, LLC; GGNSC Clinical Services, LLC; GPH Vanceburg, LLC; and Joy J. Dingess, in her capacity as Administrator of Golden LivingCenter – Vanceburg*; Commonwealth of Kentucky, Lewis Circuit Court, Case No.: 17-CI-00015.

2. The Complaint alleges Defendants, GGNSC Vanceburg, LLC d/b/a Golden LivingCenter-Vanceburg; GGNSC Administrative Services, LLC; GGNSC Holdings, LLC; GGNSC Equity Holdings, LLC; GGNSC Equity Holdings, II, LLC; Golden Gate National Senior Care, LLC; Golden Gate Ancillary, LLC; GGNSC Clinical Services, LLC; GPH Vanceburg, LLC; and Joy J. Dingess, in her capacity as Administrator of Golden LivingCenter – Vanceburg were negligent in their care and treatment of Earthel Elliott. Plaintiff seeks to recover compensatory and punitive damages from Defendants.

3. Defendant, GGNSC Vanceburg, LLC d/b/a Golden LivingCenter-Vanceburg, was served with the summons and Complaint through its registered agent, Corporation Service Company, 421 W. Main St., Frankfort, KY 40601, on January 24, 2017 by certified mail.

4. Defendant, GGNSC Administrative Services, LLC, was served with the summons and Complaint through its registered agent, Corporation Service Company, 421 W. Main St., Frankfort, KY 40601, on January 24, 2017 by certified mail.

5. Defendant, GGNSC Holdings, LLC, has not been served with the summons and Complaint.

6. Defendant, GGNSC Equity Holdings, LLC, has not been served with the

summons and Complaint.

7. Defendant, GGNSC Equity Holdings II, LLC, has not been served with the summons and Complaint.

8. Defendant, Golden Gate National Senior Care, LLC, was served with the summons and Complaint through its registered agent, Corporation Service Company, 421 W. Main St., Frankfort, KY 40601, on January 24, 2017 by certified mail.

9. Defendant, Golden Gate Ancillary, LLC, was served with the summons and Complaint through its registered agent, Corporation Service Company, 421 W. Main St., Frankfort, KY 40601, on January 24, 2017 by certified mail.

10. Defendant, GGNSC Clinical Services, LLC, was served with the summons and Complaint through its registered agent, Corporation Service Company, 421 W. Main St., Frankfort, KY 40601, on January 24, 2017 by certified mail.

11. Defendant, GPH Vanceburg, LLC, was served with the summons and Complaint through its registered agent, Corporation Service Company, 421 W. Main St., Frankfort, KY 40601, on January 24, 2017 by certified mail.

12. Defendant, Joy J. Dingess, in her capacity as Administrator of Golden LivingCenter-Vanceburg, was personally served with the summons and Complaint at 58 Eastham St., Vanceburg, Kentucky, 41179 on January 24, 2017.

13. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1332 based upon diversity jurisdiction. Upon information and belief, Plaintiff is a resident and citizen of Lewis County, Kentucky and none of the defendants are residents or citizens of Kentucky.

14. Defendant, GGNSC Vanceburg, LLC, is and was at all times mentioned herein a limited liability company organized under the laws of the State of Delaware with its principal

place of business in Plano, Texas. Its sole member is GGNSC Equity Holdings, LLC. GGNSC Equity Holdings, LLC, is and was at all times mentioned herein a limited liability company organized under the laws of the State of Delaware. Its sole member is Golden Gate National Senior Care, LLC; please see Paragraph 19 herein. Therefore, for purposes of diversity jurisdiction, GGNSC Vanceburg, LLC is a citizen of Delaware and California.

15. Defendant, GGNSC Administrative Services, LLC, is and was at all times mentioned herein a limited liability company organized under the laws of the State of Delaware with its principal place of business in Plano, Texas. Its sole member is GGNSC Holdings, LLC. GGNSC Holdings, LLC, is and was at all times mentioned herein a limited liability company organized under the laws of the State of Delaware. Its sole member is Drumm Merger Co. Sub, LLC. Drumm Merger Co. Sub, LLC is and was at all times mentioned herein a limited liability company organized under the laws of the State of Delaware. Its sole member is Drumm Merger Co. Drumm Merger Co. is and was at all times mentioned herein a corporation organized under the laws of the State of Delaware, with its principal place of business in San Francisco, California. Therefore, for purposes of diversity jurisdiction, GGNSC Administrative Services, LLC is a citizen of Delaware and California.

16. Defendant, GGNSC Holdings, LLC, is and was at all times mentioned herein a limited liability company organized under the laws of the State of Delaware. Its sole member is Drumm Merger Co. Sub, LLC. Drumm Merger Co. Sub, LLC is and was at all times mentioned herein a limited liability company organized under the laws of the State of Delaware. Its sole member is Drumm Merger Co. Drumm Merger Co. is and was at all times mentioned herein a corporation organized under the laws of the State of Delaware, with its principal place of business in San Francisco, California. Therefore, for purposes of diversity jurisdiction, GGNSC

Holdings, LLC is a citizen of Delaware and California.

17. Defendant, GGNSC Equity Holdings, LLC, is and was at all times mentioned herein a limited liability company organized under the laws of the State of Delaware with its principal place of business in Plano, Texas. Its sole member is Golden Gate National Senior Care, LLC; please see Paragraph 19 herein. Therefore, for purposes of diversity jurisdiction, GGNSC Equity Holdings, LLC is a citizen of Delaware and California.

18. Defendant, GGNSC Equity Holdings II, LLC, was at all times mentioned herein a limited liability company organized under the laws of the State of Delaware with its principal place of business in Plano, Texas. Its sole member is Golden Gate National Senior Care, LLC; please see Paragraph 19 herein. Therefore, for purposes of diversity jurisdiction, GGNSC Equity Holdings, LLC is a citizen of Delaware and California.

19. Defendant, Golden Gate National Senior Care, LLC, is and was at all times mentioned herein a limited liability company organized under the laws of the State of Delaware with its principal place of business in Plano, Texas. Its sole member is GGNSC Holdings, LLC. GGNSC Holdings, LLC, is and was at all times mentioned herein a limited liability company organized under the laws of the State of Delaware. Its sole member is Drumm Merger Co. Sub, LLC. Drumm Merger Co. Sub, LLC is and was at all times mentioned herein a limited liability company organized under the laws of the State of Delaware. Its sole member is Drumm Merger Co. Drumm Merger Co. is and was at all times mentioned herein a corporation organized under the laws of the State of Delaware, with its principal place of business in San Francisco, California. Therefore, for purposes of diversity jurisdiction, Golden Gate National Senior Care, LLC is a citizen of Delaware and California.

20. Defendant, Golden Gate Ancillary, LLC, is and was at all times mentioned herein

a limited liability company organized under the laws of the State of Delaware with its principal place of business in Plano, Texas. Its sole member is GGNSC Holdings, LLC. GGNSC Holdings, LLC, is and was at all times mentioned herein a limited liability company organized under the laws of the State of Delaware. Its sole member is Drumm Merger Co. Sub, LLC. Drumm Merger Co. Sub, LLC is and was at all times mentioned herein a limited liability company organized under the laws of the State of Delaware. Its sole member is Drumm Merger Co. Drumm Merger Co. is and was at all times mentioned herein a corporation organized under the laws of the State of Delaware, with its principal place of business in San Francisco, California. Therefore, for purposes of diversity jurisdiction, Golden Gate Ancillary, LLC is a citizen of Delaware and California.

21. Defendant, GGNSC Clinical Services, LLC is and was at all times mentioned herein a limited liability company organized under the laws of the State of Delaware with its principal place of business in Plano, Texas. Its sole member is Golden Gate National Senior Care, LLC; please see Paragraph 19 herein. Therefore, for purposes of diversity jurisdiction, GGNSC Clinical Services, LLC is a citizen of Delaware and California.

22. Defendant, GPH Vanceburg, LLC, is and was at all times mentioned herein a limited liability company organized under the laws of the State of Delaware with its principal place of business in Plano, Texas. Its sole member is Geary Real Estate Holdings, LLC, whose sole member is Geary Real Estate Holdings IB, LLC, whose sole member is Geary Real Estate Holdings II, LLC, whose sole member is Geary Real Estate Holdings III, LLC, whose sole member is Geary Real Estate Holdings IV, LLC, whose sole member is Geary Property Holdings, LLC. Geary Real Estate Holdings, LLC, Geary Real Estate Holdings IB, LLC, Geary Real Estate Holdings II, LLC, Geary Real Estate Holdings III, LLC, Geary Real Estate Holdings

IV, LLC, and Geary Property Holdings, LLC are citizens of Delaware. Geary Property Holdings, LLC is directly owned by 30 corporations that are respectively citizens of California, Virginia, North Carolina, Ohio, Iowa, Nebraska, and Delaware.

23. Defendant, Joy Dingess is, and at all material times was, a citizen and resident of the State of Ohio.

24. The parties are citizens and residents of different states and the requirement of complete diversity is satisfied. *See* 28 U.S.C. §1332(a).

25. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The Circuit Court of Lewis County, Kentucky is located within the jurisdiction of the United States District Court for the Eastern District of Kentucky, Northern Division at Ashland. Additionally, upon information and belief, Plaintiff is a resident and citizen of Lewis County, Kentucky. See Plaintiff's Complaint at ¶¶1-2. Therefore, venue is proper in this Court and Division pursuant to 28 U.S.C. §1441(a) and LR 3.1(a)(1).

26. Based upon the allegations raised in the Complaint attached hereto, this matter in controversy exceeds $75,000.00 in damages, exclusive of interest and costs. See Plaintiff's Complaint at ¶¶ 37, 43, 51, 65, and 69.

27. Pursuant to 28 U.S.C. §1332(a), this Court has jurisdiction over this action because it is facially apparent from Plaintiff's Complaint that Plaintiff is seeking damages in excess of the jurisdictional amount in controversy. See Plaintiff's Complaint at ¶¶ 37, 43, 51, 65, and 69. 28 U.S.C. § 1441(a) provides that "any civil action brought in state court which the

district courts have original jurisdiction may be removed by the defendant . . . to the district court of the United States for the district embracing the place where such action is pending. " Federal District Courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . citizens of different states." 28 U.S.C. §1332(a). When determining whether a case meets the jurisdictional requirement for purposes of removal, courts should consider "whether it is 'facially apparent' from the complaint that the damages are 'likely above' the jurisdictional amount in controversy." *Rotschi v. State Farm*, 114 F.3d 1188, 1188 (6th Cir. 1997). Accordingly, the amount in controversy requirement is satisfied. *See* 28 U.S.C. §1332(a). Plaintiff seeks compensatory damages and punitive damages as well as costs. Thus, it is facially apparent that Plaintiff is seeking damages in excess of the jurisdictional amount.

28. This Notice of Removal has been filed within thirty (30) days of the date when the action became removable as required by 28 U.S.C. §1446(b). This Notice of Removal is further consistent with 28 U.S.C. §1446(b) in that it has been filed within one year after the commencement date of this action.

29. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant in the State Court Action are attached to this Notice as Exhibit "A."

30. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon all parties and a copy is being filed with the Circuit Court of Lewis County, Kentucky.

31. Because 28 U.S.C. §1332(a) confers federal subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. §1441.

**WHEREFORE**, Defendants, GGNSC Vanceburg, LLC d/b/a Golden LivingCenter-Vanceburg; GGNSC Administrative Services, LLC; GGNSC Holdings, LLC; GGNSC Equity

Holdings, LLC; GGNSC Equity Holdings, II, LLC; Golden Gate National Senior Care, LLC; Golden Gate Ancillary, LLC; GGNSC Clinical Services, LLC; GPH Vanceburg, LLC; and Joy J. Dingess, in her capacity as Administrator of Golden LivingCenter – Vanceburg, at all times relevant hereto give Notice of the removal of this action from the Circuit Court of Lewis County, Kentucky, to the United States District Court for the Easter District of Kentucky, Northern Division at Ashland.

Respectfully submitted,

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

*/s/ J. Peter Cassidy, III*
J. Peter Cassidy, III, Esq.
Nathaniel R. Kissel, Esq.
2452 Sir Barton Way, Ste. 300
Lexington, KY  40509

and

*/s/ Donald L. Miller, II*
Donald L. Miller, II, Esq.
9300 Shelbyville Rd., Ste. 400
Louisville, KY  40222

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 1, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I additionally certify that a true and accurate copy of the foregoing was served via U.S. mail, first class, postage prepaid, on the 1st day of February 2017, upon:

Todd C. Myers, Esq.
Wilkes & McHugh, P.A.
429 N. Broadway
P.O. Box 1747
Lexington, KY  40588-1747

Ms. Kathy Hardy
Lewis Circuit Clerk
Lewis County Justice Center
94 Second St.
P.O. Box 70
Vanceburg, KY 41179

                                           */s/ J. Peter Cassidy, III*
                                           ATTORNEY FOR DEFENDANTS