*Electronically filed*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT ASHLAND**
**CASE NO: 0:17-CV-00014-HRW**

Robert P. Elliott, as the Executor                                                                            PLAINTIFF
of the Estate of Earthel Elliott, deceased

v.

GGNSC Vanceburg, LLC
d/b/a Golden LivingCenter – Vanceburg, et al.                                                        DEFENDANTS

---

**PLAINTIFF'S MOTION TO REMAND**

---

Comes now the Plaintiff, Robert P. Elliott, as Executor of the Estate of Earthel Elliott, deceased, by counsel, and files the instant Motion to Remand, and in support thereof, states as follows:

### I.      FACTUAL AND PROCEDURAL BACKGROUND

1.      This matter arises out of claims sounding in negligence, corporate negligence/liability and custodial abuse/neglect from injuries suffered by Earthel Elliott, deceased ("Ms. Elliott"), while she was a resident of Defendants' nursing facility known as the Golden Living Center - Vanceburg, located at 58 Eastham Street, Vanceburg, Kentucky 41179 on December 26, 2015 and remained there until February 1, 2016.

2.      On January 17, 2017, the Plaintiff, Robert P. Elliott, as the Executor of the Estate Earthel Elliott, deceased, filed a civil Complaint in the Lewis Circuit Court, Civil Action No. 17-CI-00015.  Plaintiff is domiciled in the Commonwealth of Kentucky.  [Doc # 1-1; Plaintiff's Complaint ¶1].

3. On or about February 1, 2017, Defendants, GGNSC Vanceburg, LLC d/b/a Golden LivingCenter-Vanceburg; GGNC Administrative Services, LLC; GGNSC Holdings, LLC; GGNSC Equity Holdings, LLC; GGNSC Equity Holdings II, LLC; Golden Gate National Senior Care, LLC; Golden Gate Ancillary, LLC; GGNSC Clinical Services, LLC; GPH Vanceburg, LLC; and Joy J. Dingess filed a Notice of Removal with this Court pursuant to 28 U.S.C. § 1441 on the basis of diversity of citizenship. [Doc #1].

4. On March 7, 2017, Plaintiff filed a Motion to Amend Complaint to Add Additional Defendant. [Doc #11]. The Amended Complaint sought to add Paula J. Hampton as a defendant to this action. [Doc #11-2]. Ms. Hampton is domiciled in the Commonwealth of Kentucky with residential address at 303 Banjo Lane, Vanceburg, Lewis County, Kentucky 41179. [Doc 11-2, Amended Complaint, ¶15].

5. Defendants' Response Objecting Plaintiff's Motion for Leave to File Amended Complaint correctly acknowledged that Plaintiff's Amended Complaint would destroy diversity in this case. [Doc #12]. Over that objection, however, this Court granted Plaintiff's Motion to Amend on March 16, 2017. [Doc #13].

6. After the filing of the Amended Complaint on March 16, 2017, this Court issued summons to Paula Hampton. [Doc #17]. In lieu of personal service upon her, Paula Hampton agreed to allow counsel for the removing Defendants to accept service on her behalf. Paula Hampton was served with summons and the Amended Complaint on March 23, 2017. [Doc #18].

7. As discussed below, the addition of Paula Hampton as a party-defendant destroys this Court's diversity jurisdiction, and this case should be remanded back to the Lewis Circuit Court for further proceedings. Even Defendants, through their prior response [Doc #12] have admitted that the addition of Paula Hampton destroys this Court's jurisdiction.

## II. ARGUMENT

8. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9. Removal based upon diversity of citizenship is only allowed if the civil action is between "citizens of different states," 28 U.S.C. §1332(a)(1).

10. The U.S. Supreme Court has interpreted the diversity statute to require "complete diversity – that is, the citizenship of every plaintiff must be different from that of every defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

11. A federal court's subject matter jurisdiction over a removed case is always subject to challenge up through the court issuing a final judgment in the action. 28 U.S.C. § 1447(c).

12. Relevant to the issue of subject matter jurisdiction in this case is 28 U.S.C. §1447(e) which states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the case to the State court." 28 U.S.C. §1447(e).

13. With the filing of the Court's Order allowing the filing of Plaintiff's Amended Complaint, this case no longer has complete diversity as required under *Caterpillar Inc.*, *supra*. Because Plaintiff is domiciled in Kentucky and Defendant, Paula Hampton is also domiciled in Kentucky.

14. As a result, under 28 U.S.C. §1447(e), this case must be remanded back to State court – Lewis Circuit Court.

WHEREFORE, Plaintiff respectfully requests that this matter be remanded to Lewis Circuit Court.

Respectfully submitted,

Robert Elliott, as Executor of the Estate
of Earthel Elliott, deceased,

By:  /s/ *Todd C. Myers*
Todd C. Myers, Esq. (KY 88505)
WILKES & MCHUGH, P.A.
P.O. Box 1747
Lexington, KY 40588-1747
Telephone: (859) 455-3356
Facsimile: (859) 455-3362
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I additionally certify that a true and accurate copy of the foregoing was electronically served via the CM/ECF system to the following:

J. Peter Cassidy, III, Esq.
Nathaniel R. Kissel, Esq.
Quintairos, Prieto, Wood & Boyer, P.A.
2452 Sir Barton Way, Ste. 300
Lexington, Kentucky 40509

and

Donald L. Miller, II, Esq.
Quintairos, Prieto Wood & Boyer, P.A.
9300 Shelbyville Rd., Ste. 400
Louisville, Kentucky 40222
*Attorneys for Defendants*

/s/ *Todd C. Myers*
WILKES & MCHUGH, P.A.
*Attorney for Plaintiff*